# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | |
|---|---|
| **JEFFERY CAMPBELL,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | No. 1:22-cv-01146-STA-jay |
| ) | |
| **BOSCO CONTRACTOR SERVICES, LLC,** ) | |
| **and LOUIS BOSCO, individually** ) | |
| ) | |
| **Defendants.** ) | |

## ORDER DENYING DEFENDANTS' MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

Before the Court is Defendants Bosco Contractor Services, LLC's and Louis Bosco's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) (ECF No. 17) filed on August 17, 2022. Plaintiff has filed his Response in opposition to the Motion (ECF No. 24), though Defendants failed to timely file a Reply. For the following reasons, the Motion is **DENIED**.

## BACKGROUND

The following facts are stated for the purpose of deciding this Motion only.

Plaintiff's Complaint alleges as follows. Plaintiff began working for Defendants in June of 2020 as a truck driver. His duties consisted of delivering empty dumpsters to construction sites, collecting full dumpsters from construction sites, and emptying full dumpsters at a nearby landfill. Plaintiff does not transport any other goods, equipment, or materials, and has never delivered, collected, or emptied any dumpsters outside the state of Tennessee. To Plaintiff's knowledge, Defendants do not offer these services outside the state of Tennessee.

1

Plaintiff worked approximately forty-seven hours per week for Defendants. Defendants paid Plaintiff $22 per hour for all hours worked, including hours worked over forty hours per week. When Plaintiff asked his coworkers why Defendants did not pay drivers any overtime compensation, they replied "Bosco doesn't do that." Plaintiff subsequently brought this action alleging Defendants' practice of not paying overtime violates the Fair Labor Standards Act.

## STANDARD OF REVIEW

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain sufficient facts to "state a claim to relief that is plausible on its face," meaning it includes "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). The complaint need not set forth "detailed factual allegations," but it must include more than "labels and conclusions," "a formulaic recitation of the elements of a cause of action," and "naked assertions devoid of further factual enhancement." *Id.* at 555.

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to move to dismiss a complaint for failure to comply with the requirements of Rule 8(a)(2). Fed. R. Civ. P. 12(b)(6). When considering a 12(b)(6) motion, the Court must accept all factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff. *Adkisson v. Jacobs Eng'g Grp., Inc.*, 790 F.3d 641, 647 (6th Cir. 2015) (internal citation omitted). Courts must generally look solely to the pleadings when considering a 12(b)(6) motion. *Rondigo, LLC v. Twp. of Richmond*, 641 F.3d 673, 680 (6th Cir. 2011). Where a defendant moves to dismiss under Rule 12(b)(6) and presents matters outside the pleadings, the Court may choose to exclude such extrinsic matters or

construe the motion as a Motion for Summary Judgment under Rule 56. *Max Arnold & Sons, LLC v. W.L. Hailey & Co., Inc.*, 452 F.3d 494, 503 (6th Cir. 2006).

## ANALYSIS

Defendants move to dismiss Plaintiff's Complaint on the basis that they are exempt from the FLSA pursuant to § 13(b)(1) of the Act as a motor private carrier. To the extent that Defendants assert they are entitled to dismissal of Plaintiff's complaint under Rule 12(b)(6) on this basis at this juncture, they are wrong. The FLSA requires employers of employees engaged in interstate commerce to compensate such employees at a rate not less than one and one-half times the regular rate at which he is employed for any hours worked in excess of forty hours per week. 29 U.S.C. § 207. Exempt from the FLSA are employees who are: 1) employees of a motor private carrier as defined in § 204 of the Motor Carrier Act, and 2) "engage in activities of a character directly affecting the safety of operation of motor vehicles in the transportation on the public highways of passengers or property in interstate or foreign commerce within the meaning of the Motor Carrier Act." 29 C.F.R. § 782.2; *see also* 29 U.S.C. § 213. Exemptions under the FLSA, including the motor private carrier exemption, are affirmative defenses, the burden of proving which are on the employer. *See Corning Glass Works v. Brennan*, 417 U.S. 188, 196-97 (1974). A Rule 12(b)(6) motion therefore is generally an inappropriate vehicle for dismissing a claim based on an affirmative defense, for a 12(b)(6) motion considers only the allegations in the complaint. *Cataldo v. United States Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012). Thus, Plaintiff is not required to plead the lack of the motor private carrier exception to survive a 12(b)(6) motion.

To the extent that Defendants intended to bring a Motion for Summary Judgment, their Motion is premature. Plaintiff's counsel avers that there has been no exchange of discovery or initial disclosures, and that the factual record is thus insufficient. If Defendants wish to dispose of

this case via the motor private carrier exemption, the proper way of doing so would be by filing a Motion for Summary Judgment following discovery, in which Defendants may prove the exemption applies with facts in the record to support their assertions, for as with any affirmative defense, the burden of proving the applicability of the motor private carrier exemption is on Defendants.

For the foregoing reasons, the Motion is **DENIED**.

**IT IS SO ORDERED.**

> s/ S. Thomas Anderson
> S. THOMAS ANDERSON
> CHIEF UNITED STATES DISTRICT JUDGE
> Date: October 5, 2022.